```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**THERMAN C. PUFFENBARGER, JR.,**

      **Plaintiff,**

**v.**                      **CIVIL ACTION NO. 1:09CV77**
                                    **(Judge Keeley)**

**COMMISSIONER OF SOCIAL**
**SECURITY ADMINISTRATION,**

      **Defendant.**

### MEMORANDUM OPINION AND ORDER REJECTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND REMANDING CASE TO COMMISSIONER OF SOCIAL SECURITY

Pursuant to 28 U.S.C. §636(b)(1)(B), Rule 72(b), Federal Rules of Civil Procedure and Local Court Rule 4.01(d), on June 12, 2009, the Court referred this Social Security action and pending motions to United States Magistrate Judge John S. Kaull with directions to submit proposed findings of fact and a recommendation for disposition.

On August 5, 2010, Magistrate Judge Kaull entered his Memorandum Opinion/Report and Recommendations ("R&R") recommending that the plaintiff's motion for summary judgment be denied and that the defendant's motion for summary judgment be granted. In accordance with 28 U.S.C. §636(b)(1) and Rule 6(e), Fed. R. Civ. P., he also directed the parties to file any written objections to the R&R with the Clerk of Court within ten (10) days after being served with the R&R. On August 19, 2010, the plaintiff, Therman C. Puffenbarger, Jr., ("Puffenbarger"), by his attorney, Travis M. Miller, filed timely objections.

**MEMORANDUM OPINION AND ORDER REJECTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND
REMANDING THE CASE TO THE COMMISSIONER OF SOCIAL SECURITY**

## I. PROCEDURAL BACKGROUND

On May 26, 2005, Puffenbarger filed an application for Supplemental Security Income ("SSI") benefits alleging disability onset as of September 4, 2004. The Commissioner denied Puffenbarger's application initially on September 14, 2005, and denied it on reconsideration on March 24, 2006. After Puffenbarger timely requested a hearing, on May 29, 2007, an Administrative Law Judge ("ALJ") conducted a hearing at which Puffenbarger appeared, with counsel and testified. A vocational expert ("VE") also testified on Puffenbarger's behalf.

On June 29, 2007, the ALJ rendered an adverse decision that found Puffenbarger was not disabled at any time from the date of application through the date of his decision. The Appeals Council denied Puffenbarger's request for review on April 23, 2009, thus making the June 29, 2007 decision the final decision. On June 12, 2009 Puffenbarger filed this action seeking review of the final decision.

## II. PLAINTIFF'S BACKGROUND

On the date of the hearing, Puffenbarger was 38 years old and therefore is considered a younger person under the regulations. He obtained a general education diploma and stated at the hearing

**PUFFENBARGER V. COMMISSIONER OF SOCIAL SECURITY**            **1:09CV77**

**MEMORANDUM OPINION AND ORDER REJECTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND
REMANDING THE CASE TO THE COMMISSIONER OF SOCIAL SECURITY**

before the ALJ that he can read and write. He has a limited work history that includes employment as a book boxer and stacker, a worker at a turkey farm, a hand-sewer in a shoe factory and a general laborer in the construction industry.

### III.     ADMINISTRATIVE FINDINGS

Utilizing the five-step sequential disability inquiry prescribed in the Commissioner's regulations at 20 C.F.R. §§ 404.1520, the ALJ made the following findings:

1. Puffenbarger has not engaged in substantial gainful activity since May 26, 2005, the application date (20 CFR 416.920(b) and 416.971 et seq.);

2. Puffenbarger has the following severe impairments: alcoholism and closed head injury (20 CFR 416.920(c));

3. Puffenbarger's substance use disorder meets sections 12.04 and 12.09 of 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d));

4. If Puffenbarger stopped his substance use, the remaining limitations would cause more than a minimal impact on his ability to perform basic work activities and therefore he would continue to have a severe impairment or combination of impairments;

5. If Puffenbarger stopped his substance use, he would not have an impairment or combination of impairments that meets or medically equals any of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d));

**PUFFENBARGER V. COMMISSIONER OF SOCIAL SECURITY                    1:09CV77**

**MEMORANDUM OPINION AND ORDER REJECTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND
REMANDING THE CASE TO THE COMMISSIONER OF SOCIAL SECURITY**

6.  If Puffenbarger stopped his substance use, he would have the residual functional capacity to perform sedentary work in an indoor, controlled environment that does not expose him to loud noises or contact with the public, and that involves the mental performance of simple, repetitive; (i.e., unskilled) work activities;

7.  If Puffenbarger stopped his substance use, he would be unable to perform his past relevant work (20 CFR 416.965);

8.  Puffenbarger was born on May 7, 1969, and was 35 years old on the date of application and is defined as a younger individual age 18-49(20 CFR 416.963);

9.  Puffenbarger has at least a high school education and is able to communicate in English (20 CFR 416.964);

10. Transferability of job skills is not an issue because Puffenbarger's past relevant work is unskilled (20 CFR 416.968); and

11. If Puffenbarger stopped his substance use, after considering his age, education, work experience and residual functional capacity, there would be a significant number of jobs in the national economy that he could perform (20 CFR 416.960(c) and 416.966).

### IV. **PLAINTIFF'S OBJECTIONS**

The only issue before the Court is whether the ALJ prematurely concluded that Mr. Puffenbarger had only substance-related mental disorders. Relying on Bustamante v. Massanari, 262 F.3d 949, 955 (9th Cir. 2001), Puffenbarger argues that the ALJ was required to

**PUFFENBARGER V. COMMISSIONER OF SOCIAL SECURITY** 1:09CV77

**MEMORANDUM OPINION AND ORDER REJECTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND
REMANDING THE CASE TO THE COMMISSIONER OF SOCIAL SECURITY**

complete the five-step sequential evaluation and determine whether he was disabled before evaluating whether he would still be disabled if he stopped using alcohol.

In Bustamante, the Ninth Circuit held, in part:

> We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand because (1) the Administrative Law Judge . . . prematurely evaluated the impact of Bustamante's alcoholism prior to completing the five-step sequential disability inquiry . . . .

262 F.3d at 951.

Pursuant to Bustamante, therefore, an ALJ may determine whether a claimant's mental impairments are the result of his alcohol abuse only after "making a determination that the claimant is disabled under the five-step inquiry." Id. at 955. In Drapeau v. Massanari, 255 F.3d 1211 (10th Cir. 2001), the Tenth Circuit also held that it is erroneous for an ALJ to fail to first determine whether a claimant is disabled before evaluating the impact of alcoholism, and noted that "[t]he implementing regulations make clear that a finding of disability is a condition precedent to an application of [42 U.S.C.] § 423(d)(2)(c)". Id. at 1213.

Here, at step two of the five step sequential disability evaluation, the ALJ determined that Puffenbarger had severe impairments of alcoholism and also a closed head injury. At step

5

**PUFFENBARGER V. COMMISSIONER OF SOCIAL SECURITY                1:09CV77**

**MEMORANDUM OPINION AND ORDER REJECTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND
REMANDING THE CASE TO THE COMMISSIONER OF SOCIAL SECURITY**

three, the ALJ determined that Puffenbarger's substance use disorder met the "paragraph A" criteria of sections 12.04 and 12.09 of C.F.R. part 404, Subpart P, Appendix 1 due to his sleep disturbance, decreased energy, feelings of guilt or worthlessness, difficulty concentrating or thinking, his multiple suicidal gestures when intoxicated, and that it also met the "paragraph C" criteria, when intoxicated. At Step 4, the ALJ found that:

> In determining the extent to which any mental limitations would remain if the substance use was stopped, I have considered the four broad functional areas set out in the disability regulations for evaluating mental disorders and in section 12.00C of the Listing of Impairments (20 CFR, Part 404, Subpart P, Appendix 1). These four broad functional areas are known as the "paragraph B" criteria.
>
> In the absence of alcohol, the claimant has no mental impairment which would result in more than a mild restriction in activities of daily living, mild difficulties in maintaining social functioning, and moderate difficulties in maintaining concentration, persistence or pace based on his hearing testimony and functional questionnaire completed by the claimant at the lower levels of adjudication. There is no evidence that the claimant has repeated episodes of decompensation without the use of alcohol because there is no evidence that the claimant has more than minimal periods of time when he has not used alcohol.

**PUFFENBARGER V. COMMISSIONER OF SOCIAL SECURITY                1:09CV77**

**MEMORANDUM OPINION AND ORDER REJECTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND
REMANDING THE CASE TO THE COMMISSIONER OF SOCIAL SECURITY**

20 CFR § 404.1535, however, specifies the process an ALJ must follow when determining whether the contributing factor of alcoholism is material to the determination of disability:

> How we will determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability.
>
> (a) General. If we find that you are disabled and have medical evidence of your drug addiction or alcoholism, we must determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability.
>
> (b) Process we will follow when we have medical evidence of your drug addiction or alcoholism.
>
> (1) <u>The key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol</u>.
>
> (2) In making this determination, we will evaluate which of your current physical and mental limitations, upon which we based our current disability determination, would remain if you stopped using drugs or alcohol and then determine whether any or all of your remaining limitations would be disabling.
>
> (I) If we determine that your remaining limitations would not be disabling, we will find that your drug addiction or alcoholism is a contributing factor material to the determination of disability.

**PUFFENBARGER V. COMMISSIONER OF SOCIAL SECURITY**                     **1:09CV77**

**MEMORANDUM OPINION AND ORDER REJECTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND
REMANDING THE CASE TO THE COMMISSIONER OF SOCIAL SECURITY**

> (ii) If we determine that your remaining limitations are disabling, you are disabled independent of your drug addiction or alcoholism and we will find that your drug addiction or alcoholism is not a contributing factor material to the determination of disability.

(Emphasis added).

As both <u>Bustamante</u> and <u>Drapeau</u> recognize, the applicable regulations require an ALJ to complete the five-step inquiry and determine whether a claimant is disabled <u>before</u> determining whether the claimant would still be found disabled if he stopped abusing alcohol. Here, the ALJ failed to complete the five-step inquiry that is clearly outlined at § 404.1535. Accordingly, the Court adopts the reasoning in <u>Bustamante</u> and <u>Drapeau</u>, rejects the Magistrate Judge's Report and Recommendation, and **ORDERS** as follows:

1. The defendant's motion for Summary Judgment (Docket No. 15) is **DENIED**;

2. The plaintiff's motion for Summary Judgment (Docket No. 10) is **DENIED**;

3. The case is **REMANDED** to the Commissioner of Social Security with instructions to the ALJ to conduct a proper five-step sequential evaluation; and

**PUFFENBARGER V. COMMISSIONER OF SOCIAL SECURITY** 1:09CV77

**MEMORANDUM OPINION AND ORDER REJECTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND
REMANDING THE CASE TO THE COMMISSIONER OF SOCIAL SECURITY**

    4.   This civil action is **DISMISSED WITH PREJUDICE** and **RETIRED** from the docket of this Court.

Pursuant to Fed.R.Civ.P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of this Order to counsel of record.

If a petition for fees pursuant to the Equal Access to Justice Act (EAJA) is contemplated, the plaintiff is warned that, as announced in <u>Shalala v. Schaefer</u>, 113 S.Ct. 2625 (1993), the time for such a petition expires in ninety days.

DATED: September 7, 2010.

                                          /s/ Irene M. Keeley
                                          IRENE M. KEELEY
                                          UNITED STATES DISTRICT JUDGE